[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married in Branford, CT, on January 31, 1987. It is the second marriage for each. They have one child, issue of this marriage, Abigail, born January 3, 1989. She is now six years old. The marriage has broken down irretrievably.
The plaintiff is 47. She is a college graduate and has a masters degree. She has been a school teacher for 25 years. She now earns a gross annual salary of $60,000.
The defendant, age 48, is the owner of Stamler Publishing Company, which publishes successful but specialized newsletters of interest to the transportation industry.
The parties have agreed to an award of joint custody of the minor child, with the child's primary physical residence to be with the plaintiff mother. The parties and their counsel have been able to stipulate to a number of facts in this case, saving much trial time and probably saving each party considerable counsel fees and some emotional cost. All involved are commended for having done so. Nevertheless, there are three areas of dispute resulting not so much from a contest over facts but from differing perspectives regarding those facts. These are 1) should there be a modifiable award of $1.00 per year alimony to the plaintiff; 2) what should happen to the parties' former marital residence in Branford; and 3) how should the debts of the parties be assigned to create an overall equitable division of the estates of the two parties?
DISCUSSION
CT Page 13286
The parties met in 1985. The plaintiff owned a home on Wallace Road, Stony Creek (Branford), Connecticut, and the defendant owned 303 Thimble Island Road, Stony Creek. The plaintiff moved into the defendant's home in 1985 and they lived together for about a year and a half before they were married in early 1987. The plaintiff rents out the Wallace Road home for a monthly rental of $850.
After the parties were married, they renovated the Thimble Island Road house, upgraded many of its fixtures, and improved its landscaping. The defendant also needed additional capital for his business. Out of the equity in the Wallace Road property belonging to the plaintiff, the parties used about $25,000, most of it during 1988, for the renovation. Out of the equity in the Thimble Island Road property, the parties used $68,000, some for home improvement and some for the defendant's business.
The fair market value of the Wallace Road property is $134,000. Less the mortgage of $24,000 (it was about $40,000 at the time of the marriage), and the outstanding home equity credit line of $23,000, the current equity is $86,000.
The Thimble Island Road house was refinanced at the time of the marriage for $105,000, some of which was used to pay off personal debts of the defendant which existed before this marriage, and $29,000 of which was used for home improvement. It was then refinanced a second time, in 1990, to create a clear division between the personal finances of the defendant and those of his corporation. As a result, there exists a personal line of credit of up to $70,000 (now $68,000), secured by the home, and two other credit lines totalling $56,000 ($31,000 and $25,000) also secured by the home. The fair market value of the Thimble Island Road house is $237,500. The outstanding first mortgage is $1,000 and there may be back taxes of $5,000 or less owed as well.
The defendant concedes that the latter two loans totalling $56,000 are wholly related to his business the value of which is $350,000 or greater, and to which the plaintiff makes no claim. The plaintiff concedes that of the $68,000 balance on the former of the credit lines, $29,000 is attributable to the home improvements. The parties disagree about whether the remaining outstanding balance of $39,000 should be treated as one personal to the defendant for which he ought to be solely responsible or treated more like a conventional home mortgage and be paid by the CT Page 13287 party to whom the property is awarded. A second dispute is how the increased total debt on the Wallace Road property, and the interest paid by the plaintiff on it, should be treated, particularly in light of the income it has generated through rental and the fact that the portion of total debt attributable to the first mortgage has been paid down substantially throughout the marriage.
The other significant assets of the plaintiff are her one-third interest in real estate in Woodstock, CT, that she inherited when her father lied in 1992, now valued at $30,000; her State of Connecticut retirement fund — $76,000; her IRA — $24,000; and two cars worth $10,000. As a teacher, the plaintiff and the plaintiff's employer have contributed to her State of Connecticut retirement in lieu of social security.
The defendant's other significant assets are stock and savings worth about $16,000 and his car — $4,000. Also the defendant has generous parents who have consistently made gifts to him each year of $5000, and who have recently provided him the wherewithal to put a down payment on a new residence for himself at 45 Squaw Brook Road in Stony Creek.
The defendant's is willing to allow the plaintiff to retain the three pieces of real estate: Thimble Island Road, Wallace Road, and her interest in the Woodstock, CT, properly; but he does not feel he should be responsible for all of the debt. He cites his continued payment since the separation in September 1993 of all lien payments associated with the Thimble Island Road property, leaving the plaintiff to pay only the taxes and utilities and the $40 per month first mortgage — a very modest shelter cost — while he paid rent for a separate residence, tried to keep up with his personal and business debts and expenses and tried to buy a new home of his own.
Complicating the picture is the reason for the breakdown of the marriage. Notwithstanding that the defendant felt the plaintiff to be a critical and condemning person, the court finds the reason for the breakdown of the marriage to be the fault of the defendant. In February 1993 the plaintiff discovered that the defendant was having an adulterous relationship with the neighbor, who provided day care for Abigail. The affair had been in progress for over a year. The defendant eventually separated from the plaintiff and moved in with the neighbor, who separated from her own spouse. Conn. Gen. Stat. § 46b-81 allows the CT Page 13288 court to consider this wrongful and particularly hurtful conduct of the defendant in allocating its award of assets and assignment of debts. On the other side of the scale, however, is the fact that this is a marriage of short duration to which each brought certain assets that have been preserved, such as the defendant's business and the plaintiff's Wallace Road home, although the value may have been altered during the course of the marriage by matters for which neither party can be held responsible, solely or jointly.
ORDERS OF THE COURT
The court approves and adopts as its custody order theStipulation as to Custody and Visitation signed by both parties and filed with the court on September 21, 1995.
The plaintiff is awarded the Thimble Island Road property and the Wallace Road property, which the defendant is ordered to quitclaim to her forthwith. She is to be responsible for and hold the defendant harmless from all encumbrances on the Wallace Road property; and on the Thimble Island Road property she shall be responsible for and hold defendant harmless from the first mortgage, all taxes currently outstanding and those which will come due, and the home equity credit line which stands at $68,000.
The defendant is ordered to be responsible for and to hold the plaintiff harmless from payment of the loans to Branford Savings Bank listed as the installment loan for $31,000 and the commercial credit line for $25,000. He is ordered to continue to pay these according to the terms of the loan, and to obtain the release on the Thimble Island Road property as security from the creditor for such loans no later than three years from the date of this decree or earlier upon the plaintiff's sale of the real estate.
The remainder of the parties' stipulation dated September 21, 1995, relative to child support, health and life insurance, and property is found to be fair and equitable and is incorporated as the further orders of the court.
The plaintiff has requested $1.00 per year alimony modifiable in the event of any future disability she may have. Given the good health of the plaintiff, the length of the marriage, the substantial assets awarded to the plaintiff, and the security of CT Page 13289 her position as a tenured school teacher, the court declines to award alimony.
The plaintiff shall be entitled to claim the minor child as an exemption for state and federal income tax purposes.
Patty Jenkins Pittman, Judge